IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FISHER,<br>    *Plaintiff,* | :<br>:<br>: |
| v. | : CIVIL NO. 23-3411 |
| COMMISSIONER OF SOCIAL<br>SECURITY and POLICE,<br>    *Defendants.* | :<br>:<br>:<br>: |

## MEMORANDUM

Scott, J.                                    June 25, 2024

  *Pro se* Plaintiff James Fisher ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's decision that Plaintiff had an overpayment of $18,915.20.[1] Currently pending before the Court is the Commissioner's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment (ECF No. 31). For the reasons set forth below, the Motion to Dismiss will be granted. An appropriate Order will follow.

---

[1] Plaintiff utilized the Eastern District of Pennsylvania's Form Complaint for Review of a Social Security Disability or Supplemental Security Income Decision. *See* https://www.paed.uscourts.gov/sites/paed/files/documents/forms/frmcssf.pdf. In this form complaint, the caption names the "Commissioner of Social Security" as the Defendant; however, Plaintiff also handwrote "Police" in the caption. ECF No. 2. On January 12, 2024, this Court ordered the Clerk of Court to serve the Complaint in accordance with Rule 3 of the Supplemental Rules of Civil Procedure for Social Security Actions under 42 U.S.C. § 405(g), but directed the Clerk not to make service to the "Police" as Plaintiff did not identify a specific police officer. ECF No. 13. The Court further explained in this Order, that if Plaintiff wished any police officers to be part of this case, he would need to amend his Complaint. *Id.* Plaintiff did not do so. Accordingly, the "Police" will be dismissed from this action.

1

I. **BACKGROUND**[2]

Plaintiff is currently receiving Disability Insurance Benefits and has been considered disabled since 1997. ECF No. 31-1 at 2–3 ¶ 3(a).[3] On February 23, 2022, the Social Security Administration ("SSA") sent a notice to Plaintiff informing him of an overpayment of $18,915.20 due to Plaintiff's work activity. *Id.* at 18–21. Provided within this notice were instructions on how to request reconsideration of the overpayment finding. *Id.* Plaintiff did not request reconsideration, but rather, filed a request for a hearing on March 3, 2022. *Id.* at 22. On June 8, 2023, an Administrative Law Judge (ALJ) dismissed Plaintiff's request for a hearing explaining that because there was no reconsideration determination, Plaintiff had no right to a hearing. ECF No. 31-1 at 33–36. Thereafter, Plaintiff submitted a request for review of the dismissal, which the Appeals Council denied on August 8, 2023. *Id.* at 37–40. Plaintiff then filed this civil action.

In his Complaint, Plaintiff alleges that the decision of the Administrative Law Judge was erroneous, not supported by substantial evidence in the record, and/or contrary to the law for the following reasons: "Plaintiff was watch listed and harassed by community/police. please see case: 2056-38 – Plaintiff was in Marines-USMC- under duress had signed said no violated (Living Will) palmer police on property. Had prior reported to employer. Defamation." ECF No. 2 at 5. Plaintiff attached to his Complaint thirty-three (33) additional pages, which included, for example, the

---

[2] In resolving a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Thus, this Court may consider "both the allegations in [Plaintiff's] complaint and the indisputably authentic documents that the SSA has provided" in the context of a motion to dismiss. *Cope v. Soc. Sec. Admin.*, 532 F. App'x 58, 60 (3d Cir. 2013) (quoting *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004)) (internal quotations omitted). In reciting the background of this case, the Court relies heavily on the Declaration of Janay Podraza and the corresponding authentic documents attached to the Declaration.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

Notice of Appeals Council Action (ECF No. 2-1 at 7–9), Request for Review of Hearing Decision/Order From dated June 13, 2023 (*id.* at 40), a confirmation of a telephone appointment on June 16, 2023 with the SSA (*id.* at 37–38), and a Psychiatric Living Will signed by Plaintiff (*id.* at 21, 24–26). Since filing his Complaint, Plaintiff has docketed an additional twenty-three (23) filings, most of which are handwritten and unclear but appear to allege some type of police misconduct.

On May 17, 2024, the Commissioner of Social Security filed a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment (ECF No. 31). The Motion argues that this case should be dismissed because Plaintiff has failed to exhaust his administrative remedies and obtain a final decision of the Commissioner before filing suit in this Court. *See generally id.* Although Plaintiff has filed two documents with the Court since the Commissioner's Motion was filed (ECF Nos. 32–33), they are both unresponsive to the Commissioner's Motion. Instead, the first appears to be printouts of screenshots of emails and a X (formerly twitter) page with handwritten notes appended, which say, for example, "Hi Sherriff Thx for doxing," "police brutality – through US Attorney," and "attempted police murder." ECF No. 32. The second filing is sixteen (16) pages, which include, for example, various court filings from this case and other cases with handwritten notes appended, and various bills with handwritten notes appended. ECF No. 33. Given that the time to file a response to the Commissioner's Motion to Dismiss has passed (*see* E.D. Pa. L.R. 7.1), the Commissioner's Motion is ripe for resolution.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility

means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)). As Plaintiff is proceeding *pro se*, the Court must construe the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.    DISCUSSION

The Social Security Act allows for judicial review "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[.]" 42 U.S.C. § 405(g). "Modern-day claimants must generally proceed through a four-step process" to obtain a final decision that is judicially reviewable. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). These steps include (1) an initial determination, (2) reconsideration of the initial determination, (3) a hearing before an ALJ, and (4) review by the Appeals Council. *Id.* (citing 20 C.F.R. § 416.1400).

Here, after Plaintiff received the overpayment notice, which is an initial determination (*see* 20 C.F.R. § 416.1402(c)), he proceeded to request a hearing before an ALJ. In doing so, he skipped the second step in the process, which as indicated by the ALJ was the reason why his request for

a hearing was denied. Thus, absent some valid excuse, Plaintiff's case is not yet entitled to judicial review.

"The Supreme Court has identified three conditions that permit a court to excuse compliance with § 405(g), namely, when (1) the claims are collateral to the claims for benefits; (2) the claimants would be irreparably injured were the exhaustion requirement enforced against them; and (3) the purposes of exhaustion would not be served by requiring it, as exhaustion would be futile." *L.N.P. v. Kijakazi*, 64 F.4th 577, 584 (4th Cir. 2023) (quoting *Bowen v. City of New York*, 476 U.S. 467, 483–85 (1986)) (cleaned up). None of these conditions are present here. First, Plaintiff's claim is not collateral to his claim for benefits; rather, it is essentially a claim for his benefits payment to remain the same. *See Repella v. Kijakazi*, No. 3:22-CV-990, 2023 WL 7336536, at *4 (M.D. Pa. Nov. 7, 2023) (finding that a claim raising constitutional challenges to an overpayment claim could not "avoid [the] exhaustion requirement"), *aff'd sub nom. Repella v. Comm'r Soc. Sec.*, No. 23-3051, 2024 WL 2103312 (3d Cir. May 10, 2024). Second, Plaintiff has not alleged irreparable injury were the exhaustion requirement to be enforced against him. Lastly, Plaintiff has not demonstrated that the underlying purposes of exhaustion would not be served by requiring him to exhaust the administrative process. As such, excusal of the exhaustion requirement is not warranted.

Accordingly, the Court must dismiss Plaintiff's Complaint as premature. The dismissal will be without prejudice to Plaintiff refiling after he has exhausted his administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Dismiss (ECF No. 31) will be granted. This matter will be dismissed without prejudice for failure to exhaust administrative remedies. An appropriate Order will follow.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge